Case 4:05-cv-01197 Document 1 Filed on 04/07/05 in TXSD Page 1 of 8

United States Courts
Southern District of Texas
FILED

APR - 7 2005

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>Plaintiff, | § § § § § | H 05 -1197<br><br>CIVIL ACTION NO. _____ |
| v. | § § § | |
| HEWLETT PACKARD COMPANY<br>Defendant. | § § § | JURY TRIAL DEMANDED |

# ORIGINAL COMPLAINT
# OF THE
# UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

TO THE HONORABLE UNITED STATES DISTRICT COURT:

1.  This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and Title I of the Civil Rights Act of 1991, as amended, 42 U.S.C. § 1981 *et seq.*, to correct retaliatory and other unlawful employment practices based on race and sex and to provide appropriate relief to John Derrick Deakins ("Deakins") who was subjected to discriminatory treatment based on his race, Caucasian, and sex, male, and retaliated against when he complained of the discriminatory treatment. In this suit, the Equal Employment Opportunity Commission ("Commission" or "Plaintiff") alleges that Hewlett Packard Company ("HP" or "Defendant") unlawfully demoted Deakins because of his race and sex, harassed him, and denied him consideration for several internal vacancies in retaliation for his filing a charge of discrimination against HP and for otherwise opposing HP's discriminatory employment practices.

## JURISDICTION AND VENUE

2.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331,

1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706 (f)(1) and (3) of Title VII of the Civil Rights Acts of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. Venue is proper in this Court because the unlawful employment practices alleged below were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

4. Plaintiff Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706 (f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5 (f)(1) and (3).

5. Defendant Hewlett Packard Company has continuously been and is now doing business in the State of Texas and the City of Houston and has continuously had more than 15 employees. Hewlett Packard Company may be served with process by serving its registered agent in Texas, CT Corporation System, which may be found at 350 N. St. Paul Street, Dallas, TX 75201.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, John Derrick Deakins filed a charge of discrimination and an amended charge of discrimination with the

Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled including the timely filing of a charge and an attempt to conciliate the matter with Defendant.

8.　Since at least 2003, Defendant has engaged in unlawful employment practices in violation of Sections 703(a)(1) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a).

9.　John Derrick Deakins was hired by HP's predecessor, Compaq Computer (hereafter "Compaq"), as a senior financial analyst for its Houston headquarters in July 2000. When he was hired by Compaq, he was assured that he would be given managerial responsibility as soon as a position became available. In early 2001, Compaq promoted him to the financial manager II position in its industry standards server group. In that capacity, he supervised four to six analysts, including those with earned Masters in Business Administration degrees (hereafter "MBAs") who were in financial analyst III and IV positions. After HP acquired Compaq, Deakins retained his management position until HP demoted him in late 2003.

10.　In addition to his management duties, Deakins coordinated the 2003 recruiting process for HP's finance division in Houston, Texas. In the Fall of 2003, HP acknowledged the success of the recruiting process by giving Deakins an award.

11.　Prior to working for Compaq, Deakins had earned a Bachelor of Science in Mechanical Engineering at Texas A & M University in 1992 with honors (magna cum laude) and a Master in Business Administration at the University of Chicago in 1997 with honors specializing in finance and accounting. Additionally, he worked as a financial analyst at IBM's regional services division in Boulder, Colorado, for two years after graduate school.

12. On or about October 27, 2003, Deakins was demoted from the position of financial manager II to a non-supervisory senior analyst position despite his successful job performance. HP stripped Deakins of all supervisory responsibilities and forced Deakins to forego an anticipated salary raise and manager's bonus.

13. At the same time and while Deakins was on leave, HP retained a less qualified African American female as a financial manager for the same financial group. All of the people that Deakins had supervised and almost all of his job responsibilities were given to this person. Thereafter, HP promoted this person.

14. Deakins performed his duties satisfactorily throughout his employment at Compaq and HP. Following company protocol, he complained about his discriminatory demotion to the employee relations group and to human resources. However, HP took no action to remedy the discrimination and threatened Deakins with the loss of his job.

15. In the months prior to his demotion and his internal complaint that his demotion was discriminatory, other HP finance managers recruited Deakins for positions in other departments. Deakins rejected these promotions based on HP's promises that he would be promoted if he stayed in his current position.

16. After he sought to be reinstated to his former position and complained that his demotion was discriminatory, Deakins was denied opportunities to transfer to other positions inside and outside his group for which he was qualified because of his complaint of discrimination. After his demotion, he applied for over twelve positions within HP in other departments, and HP rejected him for all positions. His supervisor gave him negative references by stating that Deakins had human resources and legal issues with HP that he was not allowed to discuss. A manager in another department told Deakins that

he could not hire Deakins until Deakins "cleaned up his human resources" issues.

17.	Furthermore, though HP told Deakins that he would be offered a management position should one become available in his group, he was not offered any of three positions that subsequently became available even though one of the available positions was the one from which he had been demoted.

18.	The effect of the unlawful practices complained of herein has been to deprive Deakins of equal employment opportunities and otherwise adversely affected his status as an employee because of his race and sex and in retaliation for his opposition to employment discrimination.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

19.	Grant a permanent injunction enjoining HP, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of race and gender or which retaliate against employees who oppose unlawful employment practices;

20.	Order HP to institute and carry out policies, practices and procedures which provide equal employment opportunities for Caucasian male employees and which eradicate the effects of its unlawful employment and retaliatory practices;

21.	Order HP to make Deakins whole by providing appropriate back pay, with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment and retaliatory practices he was subjected to;

22.	Order reinstatement into a comparable position for Deakins or award front

pay in the amounts to be proven at trial if reinstatement is impractical;

23. Order HP to pay compensatory damages to Deakins for the past and future pecuniary losses resulting from the unlawful employment practices described above including but not limited to loss of health insurance and other benefits;

24. Order HP to pay compensatory damages to Deakins for his past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses they suffered as a result of the unlawful employment practices described above, in amounts to be proven at trial;

25. Award punitive damages to Deakins in amounts to be proven at trial;

26. Award pre-judgment and post-judgment interest on all amounts recovered as allowed by law;

27. Order all affirmative relief necessary to eradicate the effects of the unlawful employment practices;

28. Award the Commission its costs in this action; and

29. Grant such other and further relief as is just and equitable.

## JURY TRIAL DEMAND

30. The Commission requests a jury trial on all questions of fact raised by its complaint.

          Respectfully submitted,

          EQUAL EMPLOYMENT OPPORTUNITY
              COMMISSION
          ERIC S. DREIBAND
          General Counsel
          JAMES L. LEE
          Deputy General Counsel
          GWENDOLYN YOUNG REAMS
          Associate General Counsel
          1801 L. Street, N.W.
          Washington, D.C. 20507

By: _/s/ James Sacher_

          James Sacher
          Attorney-in-Charge
          TBN: 17503300
          SDN: 13536
          Houston District Office
          1919 Smith Street, 7th Floor
          Houston, Texas 77002
          (713) 209-3398
          Fax: (713) 209-3402

          ATTORNEYS FOR PLAINTIFF

OF COUNSEL

_/s/ Rose Adewale-Mendes_
Rose Adewale-Mendes
Supervisory Trial Attorney
EEOC
Houston District Office
1919 Smith, 7th Floor
Houston, Texas 77002
(713) 209-3404
Fax: (713) 209-3402

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**United States Courts**
**Southern District of Texas**
**FILED**
**APR - 7 2005**
**Michael N. Milby, Clerk of Court**

**I(a) PLAINTIFFS**
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U S PLAINTIFF CASES)

**DEFENDANTS**
HEWLETT PACKARD COMPANY

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U S PLAINTIFF CASES ONLY)
NOTE IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Jim Sacher, Regional Attorney
EEOC - Houston District Office
1919 Smith Street, 7th floor
Houston, TX 77002
713/209-3398

ATTORNEYS (IF KNOWN)

**H 05 -1197**

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

[x] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U S Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. CAUSE OF ACTION (CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Hewlett Packard engaged in unlawful employment practices by subjecting Mr. Deakins to discriminatory treatment based on his race, Caucasian, and sex, male in violation of Title VII

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury--Med Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury--Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | PROPERTY RIGHTS | [ ] 450 Commerce/ICC Rates/etc |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | PERSONAL PROPERTY | [ ] 640 R R & Truck | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 650 Airline Regs | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 690 Other | LABOR | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | SOCIAL SECURITY | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 720 Labor/Mgmt Relations | [ ] 861 HIA (1395ff) | [ ] 892 Economic Stabilization Act |
| REAL PROPERTY | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence Habeas Corpus | [ ] 730 Labor/Mgmt Reporting & Disclosure Act | [ ] 862 Black Lung (923) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [x] 442 Employment | | [ ] 740 Railway Labor Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 443 Housing/Accommodations | [ ] 530 General | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 791 Empl Ret Inc Security Act | [ ] 865 RSI (405(g)) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | | FEDERAL TAX SUITS | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | | [ ] 550 Other | | [ ] 870 Taxes (U S Plaintiff or Defendant) | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | | | [ ] 871 IRS--Third Party 26 USC 7609 | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

[x] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
[ ] UNDER F R C P 23

DEMAND $

Check YES only if demanded in complaint.
JURY DEMAND: [X] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY (See instructions)

JUDGE _____   DOCKET NUMBER _____

DATE: April 7, 2005   SIGNATURE OF ATTORNEY OF RECORD: [signature]

UNITED STATES DISTRICT COURT