**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

EQUAL EMPLOYMENT OPPORTUNITY }
COMMISSION, }
            *Plaintiff,* }
  }
v. }         CIVIL ACTION NO. H-05-1197
  }
HEWLETT PACKARD COMPANY }
            *Defendant.* }

**MEMORANDUM OPINION AND ORDER**

        This is a discrimination case brought by the Equal Employment Opportunity Commission ("Commission") on behalf of John Derrick Deakins ("Deakins"). Deakins resigned from his position at Defendant Hewlett Packard Co. ("HP") in 2005 after being reassigned. The Commission alleges that Deakins was the victim of race discrimination, gender discrimination, and retaliation, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and Title I of the Civil Rights Act of 1866, 42 U.S.C. § 1981 *et seq.*  Pending before the court is HP's motion for complete summary judgment (Doc. 24).  Because the Commission has failed to establish a prima facie case of race or gender discrimination or retaliation, HP's motion is GRANTED.

I. <u>Facts</u>[1]

        Deakins is a highly educated white man.  Before attending business school at the University of Chicago, from which he graduated with honors, he attended Texas A&M, from which he graduated *magna cum laude*. In 2000, Deakins took a job as a senior financial analyst in the Industry Standard Server Business Group ("ISS finance group") of Compaq Computer ("Compaq"). Deakins was promoted to manager level in 2001.  His job at Compaq was to provide finance support to Compaq's software related businesses. His supervisor was Lawrence Weiser ("Weiser").

---

[1] Because HP has moved for summary judgement under Rule 56, the court will review that facts in the light most favorable to the non-moving party, in this case, the Commission. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (citing *U.S. v. Diebold, Inc.,* 369 U.S. 654, 655 (1962))

In May 2002, HP acquired Compaq in a merger.  As part of the merger, Deakins's group was reorganized and some of its members were laid off.  Some responsibilities were transferred away from the ISS finance group and others were transferred to it. Chris Jones ("Jones"), who had replaced Weiser as Deakins's supervisor in June 2003, assigned Deakins to a project named Business Management Office/Program Management Office ("BMO/PMO").  In this role, Deakins was assisted by up to five employees.

Prior to Deakins's group assuming the BMO/PMO responsibilities many of those responsibilities were handled by another Manager, Chonda Coleman ("Coleman").  Coleman, an African American woman, began working for HP in 1997 and transferred to Houston in 2002.

In September 2003, Deakins went on short term disability leave.  When he returned in October, he found that the BMO/PMO project had been transferred to Coleman and that he had been reassigned to a different Director to work on a different project. Despite this reassignment, Deakins remained a manager level employee and received the same salary and benefits.

Deakins complained about his reassignment to Jones and, when that did not produce a response, to the human resources department.  Human resources investigated Deakins's complaint and determined that no violations of HP's policies had occurred. Dissatisfied, Deakins contacted the Commission in November 2003.  After meeting with an investigator, Deakins filed a charge,  in December 2003, alleging race and gender discrimination.

Between December 2003 and his resignation from HP in January 2005, Deakins applied for twelve other jobs within HP. Deakins did not receive any offers and now claims that his efforts were stymied by Jones's refusal to act behind the scenes on his behalf.  Deakins resigned from HP on January 7, 2005.  His resignation letter (Ex. P. to Def.'s Mot. Summ. J.) reflects his belief that HP had discriminated and then retaliated against him.

II. <u>Law</u>

*A. Summary Judgment*

The movant seeking a federal summary judgment initially must inform the court of the basis for his motion and point out those portions of the pleadings, depositions, answers to interrogatories, and admissions on file that demonstrate the absence of a genuine issue of material fact and show that he is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant need not negate the opposing party's claims nor produce evidence showing an absence of a genuine factual issue, but may rely on the absence of evidence to support essential elements of opposing party's claims. *International Assoc. of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co.*, 812 F.2d 219, 222 (5th Cir. 1987). The burden then shifts to the non-movant to set forth specific facts and competent summary judgment evidence to raise a genuine issue of material fact on each essential element of any claim on which he bears the burden of proof at trial. Fed. R. Civ. P. 56(c). The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-moving party may not rest on mere allegations or denials in its pleadings, but must produce affirmative evidence and specific facts. *Anderson*, 477 U.S. at 256-57. He meets this burden only if he shows that "a reasonable jury could return a verdict for the non-moving party." *Id.* at 254. A mere scintilla of evidence will not preclude granting of a motion for summary judgment. *Id.* at 252.

All reasonable inferences must be drawn in favor of the non-moving party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574. 587-88 (1986), citing *United States v. Diebold*, 369 U.S. 654, 655 (1962). Once the burden of proof has shifted to the non-movant, he "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586. Instead he must produce evidence upon which a jury could reasonably base a verdict in his favor. *Anderson*, 477 U.S. at 249. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely

colorable, or is not significantly probative, summary judgment may be granted." *Id.*, 477 U.S. at 249-50.  Moreover the non-movant must "go beyond the pleadings and by her own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial." *Webb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir. 1998).  Unsubstantiated and subjective beliefs and conclusory allegations and opinions are not competent summary judgment evidence.  *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139-40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 506 U.S. 825 (1992).  Nor are pleadings summary judgment evidence.  *Wallace v. Texas Tech University*, 80 F.3d 1042, 1046 (5th Cir. 1996), *citing Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(*en banc*). The non-movant cannot discharge his burden by offering vague allegations and legal conclusions.  *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990).  Nor is the district court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998), *citing Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992).

*B. Title VII and Section 1981*

This is a discrimination case based on circumstantial evidence.  It is therefore subject to the *McDonnell Douglas* burden shifting framework.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  Under this framework, the initial burden lies with the plaintiff to plead a *prima facie* case.  A *prima facie* case of race or gender discrimination is evidence that plaintiff (1) is a member of a protected class; (2) was qualified for his position; (3) was discharged or suffered some other adverse employment action; and (4) was replaced with a person outside of the protected class, or was treated less favorably than similarly situated employees of a different race.[2] *Pegram v.*

[2]Race discrimination claims brought under section 1981 are subject to the same evidentiary framework as employment discrimination claims brought under Title VII. *Walker v. Thompson*, 214 F.3d 615, 625 (5th Cir. 2000).

*Honeywell, Inc.*, 361 F.3d 272, 281 (5th Cir. 2004); *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001).  A *prima facie* case of retaliation is evidence that (1) plaintiff engaged in a protected activity; (2) plaintiff suffered an adverse employment action; and (3) there is a causal relationship between the protected activity and the adverse employment action.  *Fierros v. Tex. Dep't of Health*, 274 F.3d 187, 191 (5th Cir. 2001).  If a plaintiff meets his burden and pleads a *prima facie* case, then the burden shifts to the defendant to articulate a legitimate nondiscriminatory or non-retaliatory reason for the adverse employment action. *Okoye*, 245 F.3d at 515.  If defendant can do so, plaintiff must show the articulated reason was mere pretext. *Id.*

What constitutes an adverse employment action varies depending on the context.  In a discrimination case, adverse employment actions are "ultimate employment decisions" such as hiring, granting leave, discharging, promoting, and demoting. *Pegram*, 361 F.3d at 282.  A reassignment can also qualifies as an adverse employment decision if it is accompanied by a major change in compensation, duties and responsibilities. *Pegram*, 361 F.3d at 282 n.8.  "Circuit precedent establishes that in cases where the evidence produces no objective showing of a loss in compensation, duties, or benefits, but rather solely establishes that a plaintiff was transferred from a prestigious and desirable position to another position, that evidence is insufficient to establish and adverse employment action." *Pegram*,  361 F.3d at 283. Conversely, in a retaliation case, the adverse employment prong is satisfied by any employer action that would be materially adverse to a reasonable employee.  *Burlington Northern & Santa Fe R.R. Co. v. White*, 126 S. Ct. 2405, 2409 (2006).

III. Application of Law to the Facts

Plaintiff has failed to bring forward evidence establishing a *prima facie* case of discrimination or retaliation. First, as to its discrimination claim, the Commission has not demonstrated an adverse employment action. Second, as to the Commission's retaliation claim, it has not shown a causal relationship between Deakins's failure to generate any job offers and his EEOC complaint.  The court will consider each issue in turn.

The Commission has not shown that Deakins was the victim of an adverse employment action. Deakins was neither fired nor demoted; his job title, compensation, and benefits stayed the same. Deakins Depo. 187:3-5, 192:10-19, 193:3-5. Accordingly, the Commission's discrimination claim must be dismissed under *Pegram*.

Similarly, the Commission has failed to show a causal relationship between Deakins's EEOC complaint and his failure to generate any job offers. In this regard, the Commission provides no evidence that lesser qualified candidates were selected for the jobs Deakins's applied for, that any of the positions remained open after he submitted his application, or that any of the decision makers were even aware of Deakins's internal or external complaints. What the evidence does show is that three of the positions Deakins applied for were cancelled by HP, two were filled by qualified candidates before Deakins's application, and seven positions were filled by more qualified candidates. *See* Defendant.'s Mot. Summ J. Ex. H, Gillen Declaration ¶ 3, 5; Ex. I, Adami Declaration ¶ 2-3, 5; Ex. J. Brown Declaration ¶ 3-4; Ex. K. Cabral Declaration ¶ 3, 5; Ex. L. Moore Declaration ¶ 2-3, 5; Ex. M, Transier Declaration ¶ 3-5; Ex. N, Cha Declarition ¶ 3, 5; Ex. O, Ortiz Declaration ¶ 3, 5. These affidavits also affirmatively show that none of the decision makers were aware of Deakins's complaint. *See Id.* The Commission's retaliation claim therefore must be dismissed as a matter of law.

IV. Conclusion

For the aforementioned reasons, the court orders that Defendant HP's motion for complete summary judgment (Doc. 24) is GRANTED. All other pending motions are vacated as moot.

SIGNED at Houston, Texas, this 29th day of March, 2007.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE